UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner/Respondent, ) <br> ) <br> v. ) <br> ) <br> AARON R. SHANKS, ) <br> ) <br> Defendant/Movant. ) <br> ) <br> ) | Crim. No. 5:23-cr-00092-GFVT-HAI <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition and Order prepared by United States Magistrate Judge Hanly A. Ingram. [R. 51.] Judge Ingram reviewed a motion phrased as "Motion under 2241" which was construed by the Eastern District of Pennsylvania as a motion brought pursuant to 28 U.S.C. § 2255 and transferred to this Court. After conducting a review of the petition, Judge Ingram recommends that the Court deny Shanks's motion and deny a certificate of appealability. Because Shanks did not object, the Court **ADOPTS** Judge Ingram's Recommendation **[R. 51]** as and for the opinion of the Court and will **DENY** Shanks's petition.

The focus of Judge Ingram's recommended disposition is on the timeliness of Mr. Shanks's § 2255 petition. Judge Ingram first addressed Mr. Shanks's contention that Executive Order 14206 constituted "newly discovered evidence based on constitutional law," which impacted limitations period of his petition under § 2255(f)(3) or (f)(4). [R. 51 at 3-4.] Judge Ingram concludes that § 2255(f)(3) does not apply "[b]ecause Shanks has not established a newly recognized right, let alone one recognized by the Supreme Court." *Id*. at 4. Further, Judge

Ingram concludes that § 2255(f)(4) is likewise inapposite because "[t]he Sixth Circuit has specifically held that (f)(4) does not apply to new law, and that legal 'interpretation cannot be newly discovered evidence.'" *Id*. (quoting *Khamisi-El v. United States*, 800 F. App'x 34, 349 (6th Cir. 2020)).  Consequently, in terms of the statute of limitations for Mr. Shanks's § 2255 petition, Judge Ingram concludes that the limitations period "began when his judgment became final," which was on June 4, 2024. *Id*.  And, because Mr. Shanks did not appeal, his Judgment became final on June 18, 2024, and the one-year statute of limitations lapsed one year later on June 18, 2025, pursuant to § 2255(f). *Id*.

Judge Ingram next determines that Shank's initial motion was received by the Eastern District of Pennsylvania on June 30, 2025, and was thus untimely. *Id*. at 5.  In reaching this conclusion, Judge Ingram first observed that "[n]one of Shanks's pro se filings related to this § 2255 motion comply with the prison mailbox rule," meaning that at the very least his petition was twelve days late. *Id*.  Judge Ingram also concludes that the twelve-day delay was unjustified, because Mr. Shanks could not establish that he was entitled to equitable tolling. *Id*. at 5-6. Consequently, Judge Ingram concluded that Mr. Shanks's § 2255 petition was untimely, and that he has failed to sufficiently justify his failure to adhere to the filing deadline. *Id*. at 6.  Judge Ingram has also recommended "that no Certificate of Appealability issue." *Id*. at 7-8.

Generally, this Court must make a *de novo* determination of those portions of a Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(C).  But when no objections are made, as in this case, the Court is not required to "review … a magistrate's factual or legal conclusions, under a de novo or any other standard."  See *Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.

2

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 51]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Shanks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence **[R. 39; R. 42]** is **DENIED**;

3. A Certificate of Appealability is **DENIED** as to all issues raised; and

4. Judgment in this matter will follow promptly.

This the 6th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge